**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **LAMAR HARRIS** | § | |
| | § | |
| **V.** | § | **W-20-CA-152-ADA** |
| | § | |
| **BOBBY LUMPKIN** | § | |

## ORDER

Before the Court is Petitioner's Petition For a Writ of Habeas Corpus by a Person in State Custody. Petitioner is proceeding pro se and in forma pauperis. For the reasons set forth below, Petitioner's application for writ of habeas corpus is dismissed with prejudice as time-barred.

**Procedural History**

Although Petitioner brought this suit as a civil rights action, he specifically asked for habeas relief and is challenging his conviction on the basis of alleged ineffective assistance of counsel. The Court issued an order for Petitioner explaining that his filing was a habeas corpus petition and ordering him to show cause why his petition should not be dismissed as time-barred. Petitioner responded and objected to the Court's characterization of this as a habeas corpus suit. Petitioner also explained his reasons for the delay in his filing.

Petitioner indicated that he wants to bring a civil rights action against his former attorney. Such an action would be unsuccessful because Petitioner's attorney is not a

1

state actor and Petitioner does not allege there was any conspiracy between his counsel and the state. Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord*, *Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). In addition, Petitioner is seeking to have his conviction overturned, which relief is not available in a civil rights action.

Petitioner indicates he was convicted on March 29, 2016. He appealed and eventually filed a petition for discretionary review that was denied by the Texas Court of Criminal Appeals on April 11, 2018. Petitioner filed a state application for habeas corpus on December 7, 2018. It was denied by the Texas Court of Criminal Appeals on February 27, 2019. Petitioner signed his federal habeas application on February 25, 2020.

## DISCUSSION

Petitioner's application is barred by the one-year statute of limitations. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on July 10, 2018. Therefore, Petitioner had until July 10, 2019, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until February 25, 2020, over seven months after the limitations period had expired.

Petitioner's state application for habeas corpus tolled the limitations period when it was filed on December 7, 2018, until it was denied February 27, 2019. Therefore, Petitioner's limitations deadline was extended until September 30, 2019. Nonetheless, Petitioner's federal application was still filed nearly five months too late.

Petitioner explained in his response to the show cause order that he is contending he is eligible for equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (finding "exceptional

circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. *See e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. America President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner asserts he has pursued his rights as diligently as possible, but that he has limited knowledge of the law and was being transferred between assorted prisons. Petitioner indicates he was using the date of the denial of his state habeas as the beginning of the limitations period. Unfortunately for Petitioner, a lack of familiarity with the legal process or lack of legal assistance during the filing period does not merit equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner also may to be contending that the untimeliness of his application should be excused because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

"The Supreme Court has not explicitly defined what constitutes 'new reliable evidence' under the *Schlup* actual-innocence standard." *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018). However, the Fifth Circuit has made clear that "evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock*, 906 F.3d at 390 (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

Petitioner presents no new evidence whatsoever that would support a claim of actual innocence.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he could not have discovered the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## CONCLUSION

Petitioner's application for habeas corpus relief is dismissed with prejudice as time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In

cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that Petitioner's application for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is finally **ORDERED** that a certificate of appealability is **DENIED.**

**SIGNED** on February 5, 2021

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE